**PRECISION AIRMOTIVE COR-PORATION, a Washington corporation, Plaintiff,**

v.

**Donald J. RIVERA, individually and his marital community composed thereof, et al., Defendants.**

No. 02–CV–01946–R.

United States District Court,
W.D. Washington,
at Seattle.

July 10, 2003.

Ramsey M. Al–Salam, Perkins Coie, Seattle, WA, for Precision Airmotive Corporation.

Ada Ko, Paul Douglas Swanson, Lane Powell Spears Lubersky, Seattle, WA, for Precision Airmotive Corporation.

Paul F. McQuade, Greenberg Traurig LLP, McLean, VA, Peter McNaughton Vial, McNaul, Ebel, Nawrot, Helgren & Vance, Seattle, WA, for Airflow Performance Inc., Donald J. Rivera.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

ROTHSTEIN, District Judge.

THIS MATTER comes before the court on Defendants' motion to dismiss. Having reviewed the pleadings filed in support of and in opposition to this motion, the court finds and rules as follows:

## I. BACKGROUND

From 1977 to 1983, Defendant Donald Rivera worked for the Fuel Controls Group of Bendix Corp. developing fuel injection systems. In 1983 Bendix was acquired by Allied Signal, Inc. On his departure in 1984, Rivera began his own business, Airflow Performance Inc., which develops, manufactures, and sells fuel control systems. A year later, Airflow began to produce and sell its series of "FM" fuel controls.

In 1988, Plaintiff Precision Airmotive Corporation ("PAC") bought an entire line of fuel injection systems and their derivatives from Allied Signal, Inc. This purchase included the RSA–5DD1 fuel injection system and design. In PAC's first amended complaint, PAC alleges that Rivera and Airflow incorporate the RSA–5DD1 technology in their FM-series devices. PAC asserts claims for misappropriation of trade secrets, breach of contract,[1] and unfair competition. Defendants respond that regardless of the merits of these claims, PAC's claims are all barred by the appropriate statutes of limitation. PAC's reply is that the limitations periods did not accrue until 2001, when it alleges it first discovered the bases for its claims.

## II. DISCUSSION

### A. *Motion to dismiss*

#### 1. *Summary judgment standard*

Summary judgment is appropriate when "the pleadings ... show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). As PAC has alleged only state law claims in this diversity action, state law determines the untimeliness of those claims. *Guaranty Trust Co. v. York,* 326

---

1. The breach is based on an alleged confidentiality and nondisclosure agreement between Rivera and Bendix/Allied Signal.

U.S. 99, 108–11, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945).

■■■ Under Washington law, where a defendant moves for summary judgment on the basis of an affirmative defense such as the appropriate statute of limitations, the defendant bears the initial burden of proving the absence of an issue of material fact as to that defense. *Haslund v. City of Seattle,* 86 Wash.2d 607, 621, 547 P.2d 1221 (1976). Where, however, a plaintiff invokes the discovery rule to counter the statute of limitations defense,[2] the burden is also on that plaintiff to show that facts constituting the cause of action were not discovered *or could not have been discovered* by due diligence within the limitations period. *G.W. Constr. Corp. v. Prof'l Serv., Indus., Inc.,* 70 Wash.App. 360, 367, 853 P.2d 484 (1993); *accord Giraud v. Quincy Farm and Chem.,* 102 Wash.App. 443, 449–50, 6 P.3d 104 (2000) ("To invoke the discovery rule, the plaintiff must show that he or she could not have discovered the relevant facts earlier.").

Because the gravamen of all of PAC's claims is the alleged misappropriation of the RSA–5DD1 technology, the relevant inquiry into the statute of limitations defense is to determine when PAC knew or should have known of that misappropriation. Though statute of limitations questions often involve questions of fact, *Green v. A.P.C.,* 136 Wash.2d 87, 100, 960 P.2d 912 (1998), such "factual questions may be decided as a matter of summary judgment if reasonable minds can reach but one conclusion on them." *Allen v. State,* 118 Wash.2d 753, 760, 826 P.2d 200 (1992).

*2. Application of the discovery rule*

■■■ In the present case, there is undisputed evidence that PAC had in its possession an FM–200 device manufactured by Defendants as early as 1993. Jenson Decl. ¶ 5; Ex. C, Coleen Rivera Decl. (May 22, 2003). That unit was disassembled no later than 1994 "to determine and analyze its configuration and inner workings." Jenson Decl. ¶ 5 (Jan. 30, 2003). That model does not differ in any material respect from Airflow's current models. Coleen Rivera Decl. ¶ 8 (May 22, 2003). Consequently, PAC had in its possession all that was necessary for it to discover any alleged misappropriation as early as 1994. *See Chasteen v. UNISIA JECS Corp.,* 216 F.3d 1212, 1219 (10th Cir.2000) (purchase and inspection of product gives "further reason" to find that plaintiff "either knew or should have discovered the alleged misappropriation"). Furthermore, PAC was well aware of Donald Rivara's prior employment and work at Bendix, Suppl. Jenson Decl. ¶ 3. As the Fifth Circuit stated in *Seatrax, Inc. v. Sonbeck Int'l, Inc.,* 200 F.3d 358, 366 (5th Cir.2000), "[s]uspicions should abound when a competitor markets a product similar to that previously developed by a former employer after one of the former employer's employees begins work for the competitor."

■ PAC attempts to dispute these facts through Scott Grafenauer's declaration. Grafenauer, PAC's current general manager, declares that it was not PAC's intention to investigate the unit purchased from Airflow in 1993 to determine whether it incorporated the RSA–5DD1 technology, and that in fact, PAC was not even focused on that technology at the time. Grafenauer Decl. ¶¶ 3–5. Grafenauer, however, did not join PAC until 1998. His declaration, therefore, cannot be based on personal knowledge. *See* Fed.R.Civ.P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge."). The

---

**2.** Under the discovery rule, a cause of action accrues only when the claimant knew or should have known the essential elements of the cause of action. *Allen v. State,* 118 Wash.2d 753, 758, 826 P.2d 200 (1992).

court concludes that PAC fails to raise any dispute of fact as to whether it knew or should have known of any alleged misappropriation as early as 1994.

Furthermore, PAC presents no evidence as to why it could not have discovered the infringement within the limitations period. *Giraud,* 102 Wash.App. at 449–50, 6 P.3d 104. PAC merely submits a statement by its current general manager that the organization simply was not looking for any misappropriation during the limitations period. That statement, even if it were based on personal knowledge, is insufficient especially when PAC had the accused product in its possession. *See Chasteen,* 216 F.3d at 1219. PAC fails to provide any other explanation for why it could not have discovered the misappropriation within the limitations period. Accordingly, the court finds that reasonable minds could not differ in finding that through due diligence, PAC should have known of any alleged misappropriation in 1994.[3] Consequently, the limitations period for even the claim with the longest limitations period (six years for breach of contract, *see* RCW 4.16.040(1)) ran before PAC filed suit in 2002.[4]

### B. *Rule 56(f) continuance*

PAC contends that the present motion should be continued under Federal Rule of Civil Procedure 56(f) in order to allow it more time to conduct discovery. Under FRCP 56(f), a court can grant a continuance "[s]hould it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition." Fed.R.Civ.P. 56(f).

■ According to PAC's attorney, "Precision should at least be allowed to conduct further discovery and develop a complete record on the issues raised by defendants' motion." Fisher Decl. ¶ 3. Here, all the issues raised by Defendants relate to PAC's and its predecessors' state of knowledge—whether PAC and/or its predecessors knew or should have known of the alleged misappropriation. A continuance is not justified when all the information and knowledge is already in Plaintiff's possession. Moreover, a continuance is not justified to establish whether Defendants' products have changed over time in light of undisputed testimony by Airflow's Vice President that the current models of the accused products are in all material respects the same as the original models. Coleen Rivera Decl. ¶ 8 (May 22, 2003). Accordingly, the request for a continuance is denied.

### C. *Attorneys' fees*

■ Defendants request their attorneys' fees under RCW 19.108.040, which pro-

---

3. There is even some evidence that the date on which the limitations period began to accrue is earlier than 1994 as knowledge and acquiescence on the part of PAC's predecessors regarding Rivera's alleged use the RSA–5DD1 technology is imputed to PAC. *Precision Moulding & Frame, Inc. v. Simpson Door Co.,* 77 Wash.App. 20, 27–28, 888 P.2d 1239 (1995). In the present case, Bendix "actually took steps to communicate ... how the [RS and RSA fuel control devices] were built and how they functioned. [Bendix] even published and sold detailed manuals showing the component parts of these long-used devices that any member of the public was free to

purchase." Kirwin Decl. ¶ 7. Consequently, it is questionable whether the RSA–5DD1 technology is even a trade secret, let alone, whether PAC's predecessors acquiesced in the appropriation of the technology by Rivera.

Furthermore, to the extent that PAC moves to strike the Kirwin declaration as being based on hearsay and speculation, that motion is denied at least as to paragraph 7 on which the court relies.

4. The limitations period for misappropriation is three years. RCW 19.108.060. The period for unfair competition is four years. RCW 19.86.120.

vides that "[i]f a claim of misappropriation is made in bad faith ... the court may award reasonable attorney's fees to the prevailing party." Defendants cite to *Alamar Biosciences Inc. v. Difco Labs. Inc.*, 40 U.S.P.Q.2d 1437, 1444, 1996 WL 648286 (E.D.Cal.1996), for the proposition that fees should be awarded where a plaintiff files a claim for misappropriation suit well after the statute of limitations has run. In *Alamar*, "all the facts which made [plaintiff's] action frivolous were known to [plaintiff] at the time the complaint was filed.... [as the] statute of limitations bar was explained in detail in letters from [defendant's] counsel to [plaintiff's]." *Id.*

In the present case, there is no evidence of any exchange between the parties regarding the statute of limitation issues aside from the present briefing. Consequently, it cannot be said that PAC was fully aware that its suit was essentially frivolous. Given that there is no other evidence of bad faith on PAC's behalf, the court finds that an award of fees in the case is not appropriate. *Ed Nowogroski Ins., Inc. v. Rucker*, 88 Wash.App. 350, 360, 944 P.2d 1093 (1997) (court has discretion to not award fees).

## III. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment [docket no. 35] is GRANTED in part and DENIED in part. Plaintiff's claims are dismissed with prejudice.